KATE O'DONNELL, Appellant, v. BOARD OF SUPERVISORS et al., Appellees.

● **DRAINS:** Excessive Assessment. Evidence reviewed, and held that an assessment for a drain was excessive, when compared with other tracts.

*Appeal from Kossuth District Court.*—B. F. COYLE, Judge.

DECEMBER 14, 1918.

APPEAL from a drainage assessment. The facts are stated in the opinion.—*Modified and affirmed*.

*Helsell & Helsell*, for appellant.

*Harrington & Dickinson*, for appellees.

STEVENS, J.—Plaintiff, who is the owner of the S½ of Section 36, Township 98, Range 30, appealed to the district court from the assessment levied against her land on account of a tile drainage improvement established by the board of supervisors of Kossuth County, and known as District No. 108. The assessment of the board was approved by the district court.

The south side of the S½ of plaintiff's SE¼ was traversed; most of the way east and west, by a 12-inch tile, which discharged the water near the southeast corner thereof. The present improvement provides for a 14-inch tile, to run parallel with plaintiff's tile, to be so connected therewith that both lines will be used as a part of the public drainage system. Another line of tiling traversed

the N½ of the SE¼, and extended across the corner of the NE¼ of the SW¼ of plaintiff's tract. As a part of the drainage system in question, about 900 feet of 14-inch and 1,100 feet of 8-inch tile is located in the public highway, immediately adjacent to the east side of plaintiff's tract, and another line traverses the S½ of the SW¼, in an easterly and southeasterly direction.

The drainage district includes about 85 forty-acre tracts, but not all were assessed as full forties; and the cost thereof is estimated at something over $34,000. Appellant contends that her lands were all efficiently drained before the establishment of the district, and that the assessment levied is excessive, unreasonable, and inequitable. We have experienced considerable difficulty in coming to a conclusion as to the proper classification and assessment of plaintiff's land, on account of the absence of the engineer's map and other exhibits helpful in the determination thereof. The record discloses the assessment only against a few forties, immediately surrounding the land of appellant; and we are unable to make comparison of the assessment complained of with that levied against most of the territory within the district. The method followed in classifying the lands, as shown by the testimony of the engineer in charge, was as follows:

"The 40's were treated exactly alike. Mr. Laage and Mr. Mann were appraisers. We went on every tract of land in the district in the same way. We considered slough land 100 per cent, wet land 60 per cent, and high land 3 per cent; and then we added an additional factor. For instance, when any particular 40 is traversed by tile line, that particular 40 was charged for an 8-inch tile, or a 6-inch tile, as we deemed necessary, to drain the land, the same as if each 40 had its own outlet. That would be regardless of the size of the tile that actually traversed that 40 acres. We also classified each 40 in regard to whether.

or not the outlet was accessible or not: that is, whether the outlet crossed the 40, or came to the edge of the 40, or didn't touch the 40 at all. If the outlet for the county tile ran across the 40 in such a manner as to make the outlet accessible for other tile, we classed that as 100 per cent for outlet, and figured the acres all as 100 per cent, for accessibility of other tile. The 40 of O'Donnell's, being remote, is classed lower than the one that is traversed. We didn't charge the south 80 of the southeast quarter of O'Donnell's for direct benefits. We considered that the tile that Mr. O'Donnell already had in there would furnish sufficient drainage for those two 40's. This was the most satisfactory and equitable plan that I have been able to discover."

The several members of the commission appointed to classify the land for assessment testified as witnesses upon the trial, and we gather therefrom that the judgment of the engineer practically prevailed, in the classification arrived at. Counsel for appellees emphasize their claim that the tile on appellant's land was inefficient, because without an adequate outlet. The engineer, however, testified that the outlet furnished by the improvement, because of insufficient capacity, will be only about 75 per cent efficient. It fairly appears, however, from the evidence, that the outlet of appellant's tile will be much improved by the proposed new system.

The S½ of appellant's SE¼ should, according to the classification, be assessed at $1,202.12, but a reduction of $700.00 was allowed by the commission for the tiling already thereon used by the district, and a further sum of $175.32, by the board of supervisors. The amount levied against the N½ of the SW¼ and the NW¼ of the SE¼ of appellant's tract should be treated as nominal only; and the assessment against each of the forties in the S½ of the SE¼ is much less than the amount assessed against the

forty immediately west thereof on the opposite side of the highway, but not so favorably situated as plaintiff's. The NE¼ of the SE¼ was assessed at $1,194.25. That tract was classified as follows: Slough, .9 acres; wet, 23.1 acres; dry, 15 acres. The evidence was somewhat conflicting as to the cultivatability of this tract, but it does satisfactorily appear therefrom that only a small part was very·wet. In comparison with other lands in the vicinity, it appears to us that the assessment against this tract is inequitable, and should be reduced. That appellant's land will derive considerable benefit from the improvement, is apparent; and, in proportion to other lands within the district, it does not, except the above tract, appear to have been unfairly taxed.

It is contended by counsel for appellees that other tracts receiving no greater benefit were taxed for a much larger amount; but we are unable, with the record before us, to make satisfactory comparison therewith. It is our conclusion, therefore, that the assessment levied ·against the NE¼ of the SE¼ of appellant's tract should be reduced $400, and that the assessment against the remaining tracts should not be changed. The judgment of the district court should be modified in accordance with this finding, and this cause is remanded to the district court ·for decree in harmony herewith.—*Modified and affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.